Neamat Kamel NASR, Petitioner,

v.

John ASHCROFT, Attorney General of
the United States, Respondent.

No. 02–4142.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) June 15, 2004.

Decided July 1, 2004.

———

Theodore N. Cox, New York, NY, for
Petitioner.

Terri J. Scadron, William C. Minick,
United States Department of Justice Of-
fice of Immigration Litigation, Washing-
ton, DC, for Respondent.

Before: ALITO, SMITH and BECKER,
Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

I.

Neamat Kamel Nasr ("Nasr") petitions
for review of the final order of removal
issued by the Board of Immigration Ap-
peals ("BIA"). The BIA affirmed without
opinion the decision of the Immigration
Judge ("IJ") denying Nasr's husband's ap-
plication (under which her claim was deriv-
ative) for asylum and withholding of re-
moval. Nasr claims that she has a well-
founded fear of future persecution based
on her Coptic Christian religion if she
returns to Egypt. The respondent ("the
government") argues that Nasr's claim is
moot because her husband chose to aban-
don his principal asylum claim upon which
her claim is derivative. In addition, the

government argues that even if Nasr's claim is not moot, substantial evidence supports the IJ's finding and the BIA's order. For the reasons that follow, we deny the petition for review.

## II.

### A.

The respondent ("the government") argues that Nasr's derivative asylum claim is moot because her husband, Ibrahim Nasir, has not sought review of the BIA's order of voluntary departure. An applicant for asylum and withholding of removal "must file Form I–589." 8 C.F.R. § 208.3(a). The applicant can list his or her spouse and children and include them in the request for asylum if they are in the United States. *Id.* In addition, the "denial of an asylum application filed by a principal applicant for asylum shall also result in the denial of asylum status to any dependents of that principal applicant who are included in that same application." 8 C.F.R. § 208.15(f). This denial does not "preclude a grant of asylum for an otherwise eligible dependent who has filed a *separate* asylum application, nor shall such denial result in an otherwise eligible dependent becoming ineligible to apply for asylum due to the provisions of section 208(a)(2)(C) of the Act." *Id.* (emphasis added). *See* 8 U.S.C. § 1158(b)(3) ("A spouse ... of an alien who is granted asylum under this subsection may, if not otherwise eligible for asylum under this section, be granted the same status as the alien if accompanying, or following to join, such alien.").

Here, Nasr did not apply for asylum. She did not testify in front of the IJ, and she did not claim that she was fearful

about returning to Egypt or that she personally had suffered any persecution whatsoever. Rather, she was merely listed on her husband's asylum application as a dependent, derivatively eligible for asylum. However, Nasr's husband, the asylum applicant, has not challenged the BIA's order of voluntary departure.

While the government has not called to our attention any case in which this issue has arisen and we have found no such case in our independent research of the issue,[1] the clear implication of both the Immigration and Nationality Act ("INA") and the pertinent regulations is that Nasr's asylum status as a derivative claimant stands or falls with her husband's claim. This conclusion is supported by 8 C.F.R. § 208.15(f), which states that the denial of the principal's asylum application results in the denial of any dependents' claims and explicitly states that such a denial will not "preclude a grant of asylum for an otherwise eligible dependent who has filed a *separate* asylum application, nor shall such denial result in an otherwise eligible dependent becoming ineligible to apply for asylum due to the provisions of section 208(a)(2)(C) of the Act." *Id.* (emphasis added). If Nasr's asylum status as a derivative claimant were not based on her husband's status, 8 C.F.R. § 208.15(f) would not state that the denial of the principal's asylum application results in the denial of his dependents' claims, nor would 8 C.F.R. § 208.15(f) contemplate that such a denial would not foreclose any separate, independent application on the part of the dependent.

### B.

We need not and do not rest our decision on this ground, however, because even assuming for the sake of argument that

---

**1.** It is not surprising that no such case exists as the nature of the instant case is odd, to say the least. In the normal circumstance the

principal applicant appeals the BIA's decision. Here for reasons unexplained Mr. Nasr did not appeal the BIA's order.

Nasr could petition for review of the denial of her husband's asylum application and the order for her voluntary departure, we see no ground for granting the petition. Nasr clearly has Article III standing: (1) she faces a concrete injury, namely deportation to Egypt; (2) there is clearly a causal connection between the BIA's denial of her husband's asylum application and the order requiring her voluntary departure; and (3) our favorable decision would certainly redress her injury. *See Trump Hotels & Casino Resorts v. Mirage Resorts,* 140 F.3d 478, 484–85 (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). This Court has jurisdiction over a petition for review of a final order of removal of the BIA. 8 U.S.C. § 1252(a)(1). Accordingly, we believe that we can decide this petition on the merits without deciding whether a person in Nasr's position can challenge the denial of a spouse's asylum application.

While we agree that the documentary evidence and the incidents detailed by Nasr's husband and daughter are indicative of a tense and, at times, violent situation for Coptic Christians in Egypt, we do not believe that this evidence supports the conclusion that Nasr's had a well-founded fear of persecution. Moreover, even if the evidence "supports a contrary conclusion" from that of the BIA, it certainly does not "compel[ ] it." *Abdille v. Ashcroft,* 242 F.3d 477, 483–84 (3d Cir.2001). Therefore, we must deny the petition.[2]

### III.

After reviewing all of Nasr's arguments, we deny the petition for review.

---

**2.** Nasr's arguments regarding the BIA's affirmance without opinion of the IJ's decision are foreclosed by *Dia v. Ashcroft,* 353 F.3d 228 (3d Cir.2003) (en banc).